# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1880.

---

[No. 991.]

### R. A. BERRYMAN, ASSIGNEE IN INSOLVENCY OF G. W. MATTHEWS, APPELLANT, *v.* LEOPOLD STERN, RESPONDENT.

ATTACHMENT LIEN—INSOLVENT DEBTOR ACT.—Under the statute of this state the lien of an attaching creditor is preserved and may be enforced by judgment and execution, notwithstanding an order staying proceedings against the insolvent debtor made in pursuance of the act for the relief of insolvent debtors. (1 C. L. 434.)

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts appear in the opinion.

*N. Soderberg,* for Appellant.

I. In construing a statute every clause and provision shall avail and have the effect contemplated by the legislature. (*Peck* v. *Jenness,* 7 How. 623; *Knowles* v. *Yeates,* 31 Cal. 82; *Cullerton* v. *Mead,* 22 Cal. 95.)

II. Taking the various provisions of the act for relief of insolvent debtors, it is clear that no valid, personal judgment can be rendered against an insolvent after the surrender of his property.

III. The phrase "all legal mortgages and liens," in section 36, means all legal mortgages and similar liens. It does not mean liens of a different character. An attachment is not a lien. (Foster's case, 2 Story, 131; 3 Story, 428; *Fisher* v. *Vose*, 3 Robinson (La.) 457).

IV. The attachments were dissolved by the institution of proceedings in insolvency by Matthews and by the order of the district judge.

Upon the rendition of the judgments they became *functus officio*. The lien acquired by the levy of an execution is independent of all provisional remedies.

An attachment is a right created by statute in derogation of the common law, and is subject to strict rules of construction. The lien, at best, is nothing but security for the satisfaction of a future personal judgment. (*Meyers* v. *Mott*, 29 Cal. 365; Drake on Attachment, sec. 228.)

*T. Coffin,* for Respondent.

I. All liens are preserved in insolvency and may be enforced in the same manner as if no petition had been filed. (Comp. Laws, 461.)

II. An attachment duly levied becomes a lien upon the property attached, which nothing can divest, save the dissolution of the writ of attachment. (Drake on Attachment, sec. 224, and authorities there cited. Also, *Bagley* v. *Ward*, 37 Cal. 121.)

III. No act or proceeding in insolvency dissolves a writ of attachment. (Drake on Attachment (4 ed.), sec. 435; Drake on Attachment (5 ed.), 425, and authorities there cited.)

IV. The only way known to our practice of enforcing an attachment lien is to proceed through judgment, execution, levy, and sale. (Comp. Law, 1184, *et seq.;* Drake on Attachment, sec. 224a.)

V. In insolvency proceedings, where a lien is preserved, the ordinary means of enforcing it are also preserved. (*Kittridge* v. *Warren*, 14 N. H. 509; *Kittridge* v. *Emerson*, 15 Id. 227.)

*Wells & Stewart*, also for Respondent.

By the Court, BEATTY, C. J.:

The complaint in this action shows that on January 24, 1879, a number of suits had been commenced in a justice's court of Ormsby county against G. W. Matthews, and that attachments had been issued therein, and levied on his personal property; that in the first of said suits judgment had been entered in favor of the plaintiff for three hundred dollars, and costs and execution thereon issued, but not levied, when, on said day, Matthews having filed a petition in insolvency, the district judge of said county made an order staying all proceedings against him; notice of which order was served on the justice of the peace, and the defendant, who, as constable, had served the attachments under which the property of Matthews was held; that notwithstanding the order staying proceedings against Matthews, and notice thereof, judgments were entered, and executions issued in the pending suits, and that under said executions, and the one issued prior to the order staying proceedings, the defendant levied upon and sold all the attached property for about nine hundred dollars, and applied the proceeds to the satisfaction, first, of the judgment for three hundred dollars, above mentioned, and next, to the satisfaction of the several judgments entered after notice of the order staying proceedings, and before the appointment of plaintiff as assignee of the insolvent estate. Upon these facts, plaintiff, as representative of the creditors at large of Matthews, asks judgment against the defendant for nine hundred dollars, the value of the attached property.

To this complaint the defendant demurred, on the ground that it failed to state facts sufficient to constitute a cause of action. The district court sustained the demurrer, and, the plaintiff being unable to amend, defendant had judgment, from which plaintiff appeals.

The principal question raised by the demurrer, and the only question argued by counsel, is this: Has an attaching creditor a lien which is preserved and may be enforced, notwithstanding an order in insolvency, staying all proceedings

against his debtor, made before judgment in the attachment suit?

The answer to this question depends upon the proper construction of the following proviso at the end of section 36 of the Insolvent Debtor's Act (C. L. sec. 461): "*Provided*, all legal mortgages and liens *bona fide* existing on such property at the time of the surrender aforesaid, shall remain good and valid, and may be enforced in the same manner as though no such surrender had been made."

Counsel for appellant contends that the word "liens" in this proviso should not be held to include attachment liens, but only such (like mortgages) as are created by the act of the owner of the property, and to which the creditor has a vested right under his contract—that insolvency, like death, should dissolve an attachment and destroy the lien. We think, however, that counsel has, at most, succeeded in showing that such ought to be, not that it is, the law. The decisions construing similar provisos have been collected by Mr. Drake in his work on attachments, and they are overwhelmingly in favor of the construction which makes them include attachment liens. (Drake on Attachment, sections 224, 224a, 435, and cases cited. See, also, 14 Cal. 47, and 37 Id. 121.)

It has been held in California (29 Cal. 365–6), that the death of the defendant in an attachment suit before judgment, dissolves the attachment. But, although there is a striking analogy between the cases of death and insolvency of a debtor, and strong reasons why the claims of creditors against his estate should be settled on the same principles, still it is undeniable that the Probate Act contains nothing equivalent to the proviso above quoted, but, on the contrary, contains several provisions of opposite import.

We are satisfied that under our statute the lien of an attaching creditor is preserved and may be enforced by judgment and execution, notwithstanding an order staying proceedings against the debtor, made in pursuance of the insolvent debtor's act (C. L. sec. 434), and consequently that the demurrer in this case was properly sustained.

We are not to be understood, however, as deciding that

any of the judgments against Matthews are valid except that which was entered before the order staying proceedings was made. The complaint shows that that was a valid judgment, and that execution was issued thereon before the order to stay proceedings. That execution gave the defendant authority to sell the property, and he is entitled to retain any surplus of the proceeds after satisfying the first judgment until the other suits are decided. If, as appellant contends, the judgments in those other suits are void by reason of the fact that they were entered before his appointment as assignee, and without substituting him as defendant, the result would seem to be that they are still pending, and that he may go in and defend in behalf of the creditors of Matthews. If he is permitted to do so, and succeeds in defeating those attaching creditors, he will then be in a position to demand of the defendant the money which remains, or ought to remain, in his hands. In the mean time the defendant not only has the right, but is bound to retain such surplus for the purpose of applying it in satisfaction of any judgments that may be recovered by those attaching creditors whose suits are claimed to have been suspended by the order staying proceedings.

The judgment of the district court is affirmed.